# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTROCT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TED WATKINS**, | |
| 1403 Sharon Ave<br>Zanesville, OH 43701 | CASE NO. 2:21-cv-2683 |
| **PLAINTIFF**, | DISTRICT JUDGE |
| v. | |
| **TODD'S EXPRESS INC.**, | MAGISTRATE JUDGE |
| C/O Statutory Agent Todd McCort<br>45880 Belmont-Centerville Road<br>Belmont, OH 43718 | |
| **DEFENDANT**. | **COMPLAINT WITH JURY DEMAND** |

## I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Ted Watkins against his former employer, Defendant Todd's Express Inc. He worked for the company as a delivery driver. In 2020, Mr. Watkins was placed under a quarantine order when his wife was hospitalized with COVID-19. He promptly notified Defendant of these facts. After Mr. Watkins' wife died and the quarantine order was lifted, he attempted to return to work. Defendant refused, terminated his employment, and claimed it was allegedly due to a lack of work. Defendant, however, contradicted this stated reason by contemporaneously hiring three new delivery drivers, none of whom had requested leave to comply with a quarantine order, none of whom had a family member disabled by COVID-19, and all of whom were significantly younger than Mr. Watkins.

2. Defendant's stated reason for terminating Mr. Watkins therefore appears to be a pretext. And given the circumstances surrounding his termination, Defendant fired Mr. Watkins

for one or more of the following unlawful reasons: (1) terminated his employment in violation of the Families First Coronavirus Response Act ("FFCRA"); (2) terminated his employment because he associated with his wife disabled by COVID-19; and/or (3) terminated his employment because of his age. Finally, Defendant failed to provide Mr. Watkins paid leave for the two weeks he was under a quarantine order, as required by the FFCRA.

3. Accordingly, Mr. Watkins now files this civil action. He seeks to recover for the harm he has suffered, to punish Defendant for its conduct, and to deter Defendant from ever perpetrating its conduct against any other person.

## II. JURISDICTION AND VENUE

4. Pursuant to R.C. 1907.03 and 2305.01, this Court has original jurisdiction because this is a civil action where the amount in controversy exceeds the county court's exclusive original jurisdiction.

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims made under state law because those claims are so related to federal law claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

7. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendant because it is a resident of, and has continuous and systematic contacts with, the State of Ohio.

8. Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

9. Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

### III. PARTIES

10. Plaintiff Ted Watkins ("Plaintiff" or "Mr. Watkins") is a natural person who is a resident of Muskingum County, Ohio. Defendant Todd's Express Inc. employed Mr. Watkins from 2009 up until it fired him on or about December 18, 2020.

11. Defendant Todd's Express Inc. ("Defendant" or the "Company") is a for-profit corporation that incorporated in the State of Ohio and has its principal place of business in Belmont County, Ohio. Defendant is a delivery company that serves as a private contractor for Federal Express Corporation in southeastern Ohio. Upon information or belief, Defendant employs less than 500 employees.

### IV. FACTS

12. Mr. Watkins worked for Defendant as a delivery driver. At all relevant times, his work performance met or exceeded the expectations of his supervisors.

13. On or about December 8, 2020, Mr. Watkins' wife tested positive for COVID-19. Because of the severity of the infection, Mr. Watkins had to hospitalize her. Ms. Watkin's physicians placed Mr. Watkins under quarantine that day because of his proximity to his wife.

14. Mr. Watkins notified his supervisor, Todd McCort, of his wife testing positive for COVID-19, his quarantine order, and his need for a leave of absence the day he received the order. Defendant granted Mr. Watkins the leave of absence and sent an employee to retrieve any company property from Mr. Watkins' house. Mr. Watkins disinfected all company equipment before Defendant retrieved it.

15. Defendant never provided Mr. Watkins with any sort of payment for these COVID-19 absences as required by the FFCRA.

16. On or about December 10, 2020, Mr. Watkins tested negative for COVID-19. He notified Mr. McCort of his negative test results. Defendant never followed up with Mr. Watkins regarding his availability to return to work.

17. On or about December 16, 2021, Mr. Watkins' wife died from complications caused by her COVID-19 infection. Despite this significant loss, Mr. Watkins notified Mr. McCort that he was available for work a few days later.

18. Mr. McCort, upon receiving that notification, instructed Mr. Watkins to remain in quarantine for a few more days.

19. Mr. Watkins followed up with Defendant a few days later.

20. Mr. McCort responded via text message. He told Mr. Watkins not to come in to not come in, stating, "I will call you when I want you."

21. About two days after this conversation, Defendant terminated Mr. Watkins' employment. Defendant claimed it was due to an alleged lack of work.

22. Right after Mr. Watkins was fired, Defendant hired three new delivery drivers. Upon information or belief, these delivery drivers never requested leave under the FFCRA, did not have a family member test positive for COVID-19, and are in their thirties and forties.

23. One of these deliver drivers is now driving the same route that Mr. Watkins did while employed by Defendant and is therefore his replacement.

24. Mr. Watkins is sixty-two years old. Upon information or belief, he was the oldest of Defendant's delivery drivers.

25. Defendant's stated reason for terminating Mr. Watkins was a pretext for unlawful discrimination or retaliation.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., and
Families First Coronavirus Response Act Revised Code, 29 C.F.R. §§ 826.10, et. seq.
(Failure to Pay Sick Leave)**

26. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

27. Plaintiff was at all relevant times an "employee" within the meaning of 29 C.F.R. § 826.10(a) and 29 U.S.C. § 203(e)(1).

28. Defendant was at all relevant times an "employer" within the meaning of 29 C.F.R. § 826.10(a)(i).

29. Plaintiff was "subject to a Federal, State, or local quarantine or isolation order related to COVID-19," was "advised by a health care provider to self-quarantine due to concerns related to COVID-19," and/or was "caring for an individual who is subject to" a quarantine order within the meaning of 29 C.F.R. §§ 826.20(a)(1)(i), (ii), and (iv).

30. Defendant violated 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 206 when it failed to provide him paid sick leave for the absences incurred by the quarantine order.

5

31.     As a proximate result of Defendant's actions, Plaintiff has been damaged in an amount to be determined at trial.

32.     Consistent with 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that their actions complied with the law.

33.     Consistent with 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count I.

## COUNT II

### Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., and Families First Coronavirus Response Act Revised Code, 29 C.F.R. §§ 826.10, et. seq. (Retaliation – Termination of Employment)

34.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

35.     Plaintiff was at all relevant times an "employee" within the meaning of 29 C.F.R. § 826.10(a) and 29 U.S.C. § 203(e)(1).

36.     Defendant was at all relevant times "employer(s)" within the meaning of 29 C.F.R. § 826.10(a)(i).

37.     Plaintiff sought Paid Sick Leave pursuant to 29 C.F.R. §§ 826.20(a)(1)(i), (ii), and (iv).

38.     Defendant knew of Plaintiff's protected activity.

39.     Defendant violated 29 C.F.R. § 826.150(b)(2) and 29 U.S.C. § 215(a)(3) when it terminated Plaintiff's employment because he engaged in the protected activity set forth in the FFCRA.  Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

40. As a proximate result of Defendant's actions, Plaintiff has been damaged in an amount to be determined at trial.

41. Consistent with 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that their actions complied with the law.

42. Consistent with 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 216(b), Plaintiff is entitled to punitive damages.

43. Consistent with 29 C.F.R. § 826.150(b)(1) and 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

## COUNT III

**Violation of Ohio Revised Code Sections 4112.02 and/or 4112.99**
**(Associational Disability Discrimination – Termination of Employment)**

44. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

45. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

46. Plaintiff's wife at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

47. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

48. Defendant violated Ohio Revised Code Sections 4112.02 and/or 4112.99 when it terminated Plaintiff's employment because he associated with his disabled wife. Alternatively, Plaintiff's association with his disabled wife was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

7

49. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

50. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

51. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, he is entitled to his reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Violation of Ohio Revised Code Sections 4112.02(L), 4112.14, and/or 4112.99
### (Age Discrimination – Termination of Employment)

52. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

53. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

54. Plaintiff was at all relevant times at least forty years old within the meaning of R.C. 4112.01(A)(14).

55. Defendant was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

56. Defendant violated R.C. 4112.02(L), 4112.14, and/or 4112.99 when it terminated Plaintiff's employment because of his age. Alternatively, Plaintiff's age was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

57. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

58. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

59. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV. Alternatively, pursuant to R.C. 4112.14(B), Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendant;

F. All costs and expenses incurred in pursuing the claims against Defendant;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

### VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
Kevin R. Kelleher (Ohio Bar No. 0099167)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com
kkelleher@willisattorneys.com

*Attorneys for Plaintiff Ted Watkins*